1

2

3

4

5

The Honorable Ricardo S. Martinez

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

14

15

FEDERAL HOME LOAN BANK OF
SEATTLE, a bank created by federal law,

                                Plaintiff,

    v.

UBS SECURITIES LLC, a Delaware limited
liability company; CWALT, INC., a
Delaware corporation; CWMBS, INC., a
Delaware corporation; and
COUNTRYWIDE FINANCIAL
CORPORATION, a Delaware corporation,

                               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO. 2:10-CV-00146-RSM

DEFENDANTS' CONSOLIDATED
OPPOSITION TO PLAINTIFF'S
OMNIBUS MOTION TO REMAND

NOTED ON MOTION CALENDAR:
April 23, 2010

**ORAL ARGUMENT REQUESTED**

16

17

18

     Defendants[1] respectfully submit this consolidated opposition to Plaintiff Federal Home

Loan Bank of Seattle's ("FHLB Seattle") Omnibus Motion to Remand the Actions to

Washington state court.

19

20

21

22

23

24

25

26

---

[1]  "Defendants" as used herein refers to all defendants named in the following eleven actions filed by Plaintiff Federal Home Loan Bank of Seattle: (i) Fed. Home Loan Bank of Seattle v. Morgan Stanley & Co., Inc., et al., No. 2:10-CV-00132; (ii) Fed. Home Loan Bank of Seattle v. Barclays Capital, Inc., et al., No. 2:10-cv-00139; (iii) Fed. Home Loan Bank of Seattle v. Deutsche Bank Secs. Inc., et al., No. 2:10-cv-00140; (iv) Fed. Home Loan Bank of Seattle v. UBS Secs. LLC, et al., No. 2:10-CV-00146; (v) Fed. Home Loan Bank of Seattle v. Bank of America Secs. LLC, et al., No. 2:10-CV-00147; (vi) Fed. Home Loan Bank of Seattle v. Countrywide Secs. Corp., et al., No. 2:10-CV-00148; (vii) Fed. Home Loan Bank of Seattle v. Merrill Lynch Pierce Fenner & Smith Inc., et al., No. 2:10-CV-00150; (viii) Fed. Home Loan Bank of Seattle v. Bear, Stearns & Co. Inc., No. 2:10-CV-00151; (ix) Fed. Home Loan Bank of Seattle v. Credit Suisse Secs. (USA) LLC, et al., No. 2:10-CV-00167; (x) Fed. Home Loan Bank of Seattle v. RBS Secs., Inc., et al., No. 2:10-CV-00168; and (xi) Fed. Home Loan Bank of Seattle v. Goldman, Sachs & Co., et al., No. 2:10-CV-00177 (collectively, the "Actions").

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND
CASE NO. 2:10-cv-00146-RSM

1

## TABLE OF CONTENTS

2

**Page**

3
PRELIMINARY STATEMENT ........................................................................................... 1

4
ARGUMENT ....................................................................................................................... 3

5
I.   REMOVAL WAS PROPER UNDER FHLB SEATTLE'S CHARTER ..................... 3

6
A.  FHLB Seattle's Charter Confers Jurisdiction In This Court. ................... 3

7
B.  Doe v. Mann Is Inapposite ........................................................................ 8

8
II.  REMOVAL WAS PROPER BECAUSE FHLB SEATTLE
IS AN AGENCY OF THE UNITED STATES ........................................................ 9

9

10
A.  The Ninth Circuit Has Held That Federal Home Loan Banks
Are "Agencies" Of The Federal Government. ....................................... 9

11
B.  Hoag Is Inapposite. ................................................................................. 10

12
C.  FHLB Seattle Is Also A Federal "Agency" Under Hoag. .................... 12

13
III. REMOVAL WAS PROPER ON THE BASIS OF DIVERSITY JURISDICTION ... 18

14
A.  FHLB Seattle Is A "Body Corporate" And Citizen Of Washington. .................... 19

15
B.  FHLB Seattle's Activities Are Localized In Washington. .................... 22

16
CONCLUSION ................................................................................................................... 25

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - i
CASE NO. 2:10-cv-00146-RSM

116589.0161/1832774.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**FEDERAL CASES**

4

Acron Invs., Inc. v. Fed. Sav. & Loan Ins. Corp.,
  363 F.2d 236 (9th Cir. 1966) ........................................................................... 15

5

6

Allstate Ins. Co. v. Hughes, 358 F.3d 1089 (9th Cir. 2004) ..................................... 5

7

Am. Nat'l Red Cross v. Solicitor Gen., 505 U.S. 247 (1992) ........................... 1, 3, 4, 5, 6, 7, 8

8

Auriemma Consulting Group, Inc. v. Universal Sav. Bank,
  367 F. Supp. 2d 311 (E.D.N.Y. 2005) ............................................................. 25

9

Burton v. U.S. Olympic Comm., 574 F. Supp 517 (C.D. Cal. 1983) ............................ 20, 25

10

11

C.C. Port, Ltd. v. Davis-Penn Mortgage Co.,
  891 F. Supp. 371 (S.D. Tex. 1994), aff'd, 61 F.3d 288 (5th Cir. 1995) ........................... 6

12

13

Conjugal Soc'y v. Chi. Title Ins. Co., 497 F. Supp. 41 (D.P.R. 1979),
  vacated on other grounds, First Fed. Sav. & Loan Ass'n of P.R. v.
  Ruiz De Jesus, 644 F.2d 910 (1st Cir. 1981) .................................................... 24

14

15

Connelly v. Fed. Nat'l Mortgage Ass'n,
  251 F. Supp. 2d 1071 (D. Conn. 2003) ............................................................ 6

16

Data Processing Servs. Org., Inc. v. Fed. Home Loan Bank Board,
  568 F.2d 478 (6th Cir. 1977) .......................................................................... 12

17

18

Diaz v. Trust Territory of Pac. Islands, 876 F.2d 1401 (9th Cir. 1989) ........................ 17

19

Doe v. Mann, 415 F.3d 1038 (9th Cir. 2005) ......................................................... 8

20

Doe v. Corp. of Ass'n of the Presiding Bishop of the Church of
  Jesus Christ of Latter-Day Saints, No. 08-CV-371 (SU),
  2009 WL 2132722 (D. Or. July 10, 2009) ........................................................ 18

21

22

Elwert v. Pac. First Fed. Sav. & Loan Ass'n of Tacoma, Wash.,
  138 F. Supp. 395 (D. Or. 1956) ..................................................................... 24

23

24

Ewing v. Fed. Home Loan Bank of Des Moines,
  645 F. Supp. 2d 707 (S.D. Iowa 2009) ......................................................... 1, 7

25

Fahey v. O'Melveny & Myers, 200 F.2d 420 (9th Cir. 1952) .......... 2, 9, 10, 11, 12, 13, 14, 16

26

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - ii
CASE NO. 2:10-cv-00146-RSM

116589.0161/1832774.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1

<u>**TABLE OF AUTHORITIES — CONTINUED**</u>

2

<u>**Page(s)**</u>

3

<u>Fed. Nat'l Mortgage Ass'n v. Sealed</u>, 457 F. Supp. 2d 41 (D.D.C. 2006) ............................... 9

4

<u>Fed. Home Loan Bank of S.F. v. Long Beach Fed.</u>
    <u>Sav. & Loan Ass'n Title Serv. Co.</u>, 122 F. Supp. 401 (S.D. Cal. 1954) .................... 10, 11

5

6

<u>Fidelity Fin. Corp. v. Fed. Home Loan Bank of S.F.</u>,
    589 F. Supp. 885 (N.D. Cal. 1983) ........................................................................... 11, 17

7

<u>FW/PBS, Inc. v. City of Dallas</u>, 439 U.S. 215 (1990) ................................................. 5

8

<u>Gov't Nat'l Mortgage Ass'n v. Terry</u>, 608 F.2d 614 (5th Cir. 1979) ............................... 15, 16

9

<u>Grun v. Countrywide Home Loans, Inc.</u>, No. Civ. A.SA-03-CA-0141-XR,
    2004 WL 1509088 (W.D. Tex. July 1, 2004) ........................................................... 6

10

11

<u>Hertz Corp. v. Friend</u>, No. 08-1107, 559 U.S. __, 130 S.Ct. 1181,
    78 U.S.L.W. 4153 (Feb. 23, 2010) ........................................................................... 25

12

13

<u>Iceland Seafood Corp. v. Nat'l Consumer Coop. Bank</u>,
    285 F. Supp. 2d 719 (E.D. Va. 2003) ................................................................. 19, 20, 25

14

15

<u>In re Fannie Mae 2008 Sec. Litig.</u>, No. 09 Civ. 1352 (PAC),
    2009 WL 4067266 (S.D.N.Y. Nov. 24, 2009) ........................................................... 6

16

<u>In re Hoag Ranches</u>, 846 F.2d 1225 (9th Cir. 1988) ...................................... 10, 11, 12, 17, 18

17

<u>Island Airlines, Inc. v. Civil Aeronautics Bd.</u>,
    352 F.2d 735 (9th Cir. 1965) ................................................................................... 11

18

19

<u>Knuckles v. RBMG, Inc.</u>, 481 F. Supp. 2d 559 (S.D. W. Va. 2007) ........................................ 9

20

<u>Laurens Fed. Sav. & Loan Ass'n v. S.C. Tax Comm'n</u>,
    365 U.S. 517 (1961) ............................................................................................... 13

21

22

<u>Little League Baseball, Inc. v. Welsh Publ'g Group, Inc.</u>,
    874 F. Supp. 648 (M.D. Pa. 1995) ....................................................................... 20, 25

23

<u>Loyola Fed. Sav. Bank v. Fickling</u>, 58 F.3d 603 (11th Cir. 1995) ............................... 22, 23, 24

24

<u>Monsanto Co. v. Tenn. Valley Auth.</u>, 448 F. Supp. 648 (N.D. Ala. 1978) ........................... 20

25

<u>N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.</u>,
    69 F.3d 1034 (9th Cir. 1995) ................................................................................... 2

26

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - iii
CASE NO. 2:10-cv-00146-RSM

116589.0161/1832774.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1

**<u>TABLE OF AUTHORITIES — CONTINUED</u>**

2

<u>Page(s)</u>

3

Peoples Mortgage Co. v. Fed. Nat'l Mortgage Ass'n,
   856 F. Supp. 910 (E.D. Pa. 1994)........................................................................7

4

Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines,
5
   534 F.3d 779 (D.C. Cir. 2008)..............................................................4, 5, 6, 7, 8, 9

6

Ponce De Leon Fed. Sav. Bank v. Ensign Bank, F.S.B.,
7
   No. 86 CIV. 7583 (SWK), 1987 WL 14912 (S.D.N.Y. July 23, 1987) ......................24, 25

8

Prize Energy Resources, L.P. v. Santa Fe Pac. R.R. Co.,
   No. CV 08-8090-PCT-JAT, 2009 WL 160359 (D. Ariz. Jan. 22, 2009) .........................22
9

Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n,
10
   624 F. Supp. 858 (E.D. Pa. 1985), <u>aff'd</u>, 819 F.2d 434 (3d Cir. 1987)......................22, 24

11

Regan v. Taxation With Representation of Wash., 461 U.S. 540 (1983) ..............................15

12

Rheams v. Bankston, Wright & Greenhill,
13
   756 F. Supp. 1004 (W.D. Tex. 1991) ...................................................................11

14

Scott v. Fed. Reserve Bank of Kansas City, 406 F.2d 532 (8th Cir. 2005)...........................12

15

United States v. Bruce, 909 F. Supp. 1034 (N.D. Ohio 1995) .................................................17

16

Valdez v. Allstate Ins. Co., 372 F.3d 1115 (9th Cir. 2004).........................................................5

17

VeriCorr Packaging, LLC v. Osiris Innovations Group, LLC,
18
   501 F. Supp. 2d 989 (E.D. Mich. 2007) ...............................................................22

19

Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303 (2006).........................................................21

20

Waldron Midway Enters., Inc. v. Coast Fed. Bank, No. CV-91-1750 (RJD),
   1992 WL 81724 (E.D.N.Y. Apr. 10, 1992) ..........................................................22

21

22

23

24

25

26

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - iv
CASE NO. 2:10-cv-00146-RSM

116589.0161/1832774.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

# TABLE OF AUTHORITIES — CONTINUED

**Page(s)**

**FEDERAL STATUTES, REGULATIONS, AND RULES**

12 U.S.C. § 1423 ..................................................................................................20

12 U.S.C. § 1426(c)(1) .........................................................................................14

12 U.S.C. § 1427 ..................................................................................................14

12 U.S.C. § 1430(a), (i)(1), (j)(1) & (5)(c) ..........................................................13

12 U.S.C. § 1431(g), (j) ...................................................................................13, 14

12 U.S.C. § 1432(a) ..................................................................................3, 8, 9, 19, 20

12 U.S.C. § 1433 ...............................................................................................15, 18

12 U.S.C. § 1434 ..................................................................................................14

12 U.S.C. § 1436(a) ..............................................................................................13

12 U.S.C. § 1441(b), (d) ...................................................................................13, 21

12 U.S.C. §§ 1445-46 ...........................................................................................16

12 U.S.C. § 1449 ..................................................................................................16

12 U.S.C. § 1723a(a) ..............................................................................................5

12 U.S.C. § 3001, et seq. ......................................................................................21

25 U.S.C. § 1914 ....................................................................................................8

28 U.S.C. § 1332 ...............................................................................................2, 18

28 U.S.C. § 1334(b) ...........................................................................................1, 25

28 U.S.C. § 1345 .............................................................................2, 9, 11, 12, 16

28 U.S.C. § 1348 ..................................................................................................21

28 U.S.C. § 1447(c) ................................................................................................2

31 U.S.C. § 9107(c)(2) ..........................................................................................14

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - v
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1

**TABLE OF AUTHORITIES — CONTINUED**

2

**Page(s)**

3    31 U.S.C. § 9108(d)(1) .................................................................................. 14

4    36 U.S.C. § 130501, et seq. ........................................................................... 21

5    36 U.S.C. § 220501, et seq. ........................................................................... 21

6    Fed. Sav. & Loan Ins. Corp. Recapitalization Act of 1987,
7        Pub. L. No. 100-86, § 302, 101 Stat. 552 (1987) ................................. 21

8    12 C.F.R. § 201.108(b), (c) .................................................................... 16, 17

9    12 C.F.R. § 208 ............................................................................................. 17

10   12 C.F.R. § 905 App. A to Subpart A .......................................................... 21

11   12 C.F.R. § 905.2 .......................................................................................... 20

12   12 C.F.R. §§ 989.1-.4 ................................................................................... 14

13   12 C.F.R. § 995.5 .......................................................................................... 14

14   29 Fed. Reg. 332 (Jan. 13, 1964) ........................................................... 20, 21

15   Fed. R. App. P. 4(a)(1) ........................................................................... 11, 12

16   Fed. R. Civ. P. 12(h)(3) .................................................................................. 5
17

18   **OTHER AUTHORITIES**
19

20   Ewing v. Fed. Home Loan Bank of Des Moines,
         No. 4:09-cv-106 (S.D. Iowa 2009) ................................................ 4, 7, 8

21   James Wm. Moore, 16 Moore's Fed. Prac. § 107.41[1][d],
22       (Matthew Bender 3d ed.) ......................................................................... 2

23   O'Connor Enter. Group v. Spindustry Sys. Inc.,
         Civ. No. 4:09-CV-01483 (S.D. Tex. May 18, 2009) ................ 1, 2, 4, 7, 8, 23

24

25

26

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - vi
CASE NO. 2:10-cv-00146-RSM

116589.0161/1832774.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1

**PRELIMINARY STATEMENT**

2

The Actions involve alleged securities law violations relating to $4 billion of federally

3

registered mortgage-backed securities purchased by FHLB Seattle, a federal agency. These

4

cases belong in federal court, and FHLB Seattle's omnibus motion to remand should be denied.

5

The Actions were properly removed to this Court on three independently sufficient

6

grounds.[2] The first of these grounds—and the only one this Court need consider—is that the

7

Court has jurisdiction over these cases based on the express language of FHLB Seattle's

8

federal charter, which explicitly states that FHLB Seattle may sue and be sued in federal

9

court. The Supreme Court has held, in an analogous case, that the language in FHLB

10

Seattle's federal charter confers federal jurisdiction. See Am. Nat'l Red Cross v. Solicitor

11

Gen., 505 U.S. 247, 255 (1992) ("Red Cross"). Moreover, FHLB Seattle's sister bank, the

12

Federal Home Loan Bank of Des Moines ("FHLB Des Moines"), has twice successfully

13

removed on precisely this ground cases against FHLB Des Moines that were originally filed

14

in the state courts. See Ewing v. Fed. Home Loan Bank of Des Moines, 645 F. Supp. 2d 707,

15

709 (S.D. Iowa 2009); O'Connor Enter. Group v. Spindustry Sys. Inc., Civ. No. 4:09-CV-

16

01483 (S.D. Tex. May 18, 2009) (FHLB Des Moines's Notice of Removal, Docket No. 1, at

17

¶ 2 (UBS Securities' Notice of Removal, Ex. C)) (attached as Exhibit A to the Declaration of

18

Sarah Heaton Concannon ("Concannon Decl."), filed herewith). Significantly, there is a

19

single federal charter common to all Federal Home Loan Banks. FHLB Des Moines has

20

conceded that the Banks' charter confers federal jurisdiction; FHLB Seattle now tries to take a

21

22

23

24

25

26

---

[2]  In two of the eleven actions—Deutsche Bank, No. 2:10-cv-00140, and Barclays, No. 2:10-cv-00139—there is a fourth independently sufficient ground for this Court's jurisdiction. In those cases, this Court also has jurisdiction pursuant to 28 U.S.C. § 1334(b), because the Deutsche Bank case is related to the bankruptcies of American Home Mortgage Corp. and Alliance Bancorp., and the Barclays case is related to the bankruptcy of IndyMac Bank F.S.B. The Deutsche Bank and Barclays defendants are filing separate, supplemental oppositions to FHLB Seattle's motion to remand on this ground.

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 1
CASE NO. 2:10-cv-00146-RSM

116589.0161/1832774.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1  different position. FHLB Seattle's charter grants this Court subject matter jurisdiction and is

2  dispositive of the removal issue.[3]

3         Although the Court need look no further than FHLB Seattle's federal charter and

4  Supreme Court precedent to determine that removal was proper, removal also is proper on

5  two additional, independently sufficient grounds. First, this Court has jurisdiction over the

6  Actions under 28 U.S.C. § 1345, because FHLB Seattle is an agency of the United States with

7  express congressional authority to sue and be sued in federal court. The Court of Appeals for

8  the Ninth Circuit long ago held that Federal Home Loan Banks—like FHLB Seattle—"are,

9  and operate as, public agencies" of the United States for purposes of federal jurisdiction. See

10 Fahey v. O'Melveny & Myers, 200 F.2d 420, 446-47, 454, 458 (9th Cir. 1952). Fahey is

11 controlling. In contrast, the Ninth Circuit case that FHLB Seattle cites is inapposite, because

12 it addresses neither the question whether the Federal Home Loan Banks are agencies of the

13 United States nor removal jurisdiction under 28 U.S.C. § 1345.

14        Second, this Court has diversity jurisdiction over the Actions under 28 U.S.C. § 1332.

15 Complete diversity exists because FHLB Seattle is incorporated in Washington State and its

16 activities are localized in Washington State; thus, FHLB Seattle without question is a citizen

17 of Washington State for diversity purposes. Indeed, FHLB Des Moines recently removed a

18 case based on diversity grounds. See O'Connor (FHLB Des Moines's Notice of Removal,

19

20 [3] Moreover, FHLB Seattle was required to raise any defect in removal—other than lack of federal subject-matter
   jurisdiction—within 30 days following the filing of each Defendant's Notice of Removal. See 28 U.S.C. §
21 1447(c). Thus, all other potential objections to removal were waived because they do not relate to the Court's
   subject matter jurisdiction and were not raised within the 30-day time period. For example, to the extent that
22 FHLB Seattle contends that the Federal Home Loan Banks' charter provides it with a choice of federal or state
   forum (i.e., establishes concurrent jurisdiction), FHLB Seattle's motion must be denied because that objection is
23 not to the Court's subject matter jurisdiction, but rather to the fact that the case was removed from state court.
   FHLB Seattle waived any objection of removal of the case to this Court by failing to timely file its remand
24 motion. See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1038 (9th Cir.
   1995) ("[T]he district court had no authority to remand the case to the state court on the basis of a defect in
25 removal procedure raised for the first time more than 30 days after the filing of the notice of removal."); James
   Wm. Moore, 16 Moore's Fed. Prac. § 107.41[1][d] (Matthew Bender 3d ed.) ("A party that fails to object to a
26 procedural defect within the 30-day limit waives its right to object.").

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 2
CASE NO. 2:10-cv-00146-RSM

116589.0161/1832774.1

1    Docket No. 1, at ¶ 4 (UBS Securities' Notice of Removal, Ex. C)) (see Concannon Decl. at

2    Ex. A).  FHLB Seattle's argument that diversity jurisdiction is unavailable because FHLB

3    Seattle is a federally chartered corporation and is not sufficiently localized in Washington is

4    simply incorrect.

5         In sum, each of these reasons independently is sufficient to warrant removal of the

6    Actions to this Court.  FHLB Seattle's omnibus motion to remand thus should be denied.

7                                     **ARGUMENT**

8    **I.     REMOVAL WAS PROPER UNDER FHLB SEATTLE'S CHARTER.**

9         This Court has original jurisdiction over the Actions pursuant to the express language

10   in FHLB Seattle's congressional charter.

11        **A.     FHLB Seattle's Charter Confers Jurisdiction In This Court.**

12        The Federal Home Loan Banks' charter authorizes Federal Home Loan Banks to "sue

13   and be sued . . . in any court of competent jurisdiction, State or Federal."  12 U.S.C.

14   § 1432(a).  FHLB Seattle argues that this language does not "create[] federal subject-matter

15   jurisdiction," but instead "limits [FHLB Seattle]'s authority to 'sue and be sued' to courts 'of

16   competent jurisdiction,' that is, courts that already have subject-matter jurisdiction."  (Pl. Mot.

17   at 8 (citing 12 U.S.C. § 1432(a)).)  FHLB Seattle further contends that this Court is not a court

18   of competent jurisdiction over FHLB Seattle's claims against Defendants.  FHLB Seattle's

19   argument is contrary to the rule that the Supreme Court announced in Red Cross.  In that case,

20   the Court held that where, as here, a federal charter specifically refers to the federal courts,

21   that charter confers federal jurisdiction.  505 U.S. at 248, 255.

22        In Red Cross, the Supreme Court interpreted a directly analogous "sue or be sued"

23   provision in the Red Cross's charter authorizing the chartered entity "to sue and be sued in

24   courts of law and equity, State or Federal, within the jurisdiction of the United States."  Id. at

25   248.  In finding that the provision conferred federal jurisdiction, the Supreme Court held that

26   "a congressional charter's 'sue and be sued' provision may be read to confer federal court

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 3
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1  jurisdiction if, but only if, it specifically mentions the federal courts." Id. at 255.  As the

2  dissent in Red Cross confirmed:

> The Court today concludes that whenever a statute granting a federally chartered
> corporation the "power to sue and be sued" specifically mentions the federal
> courts (as opposed to merely embracing them within general language), the law
> will be deemed . . . to confer on federal district courts jurisdiction over any and all
> controversies to which that corporation is a party.

7  Id. at 265 (Scalia, J., dissenting) (emphasis in original).  FHLB Seattle's charter does

8  precisely that.

9         There are no material differences in the language of the "sue and be sued" provisions

10  of the Federal Home Loan Bank and Red Cross charters.  Both reference the federal courts,

11  which is the dispositive consideration.  FHLB Seattle nonetheless contends that Red Cross is

12  inapposite because the phrase "in a court of competent jurisdiction" appears in FHLB

13  Seattle's charter, but does not appear in the Red Cross's charter.  (Pl. Mot. at 9-10.)  The D.C.

14  Circuit, however, rejected this same argument, explaining that the "competent jurisdiction"

15  language does not constitute a substantive difference:

> The words "of competent jurisdiction" help clarify that: (i) litigants in state courts
> of limited jurisdiction must satisfy the appropriate jurisdictional requirements; (ii)
> litigants, whether in federal or state court, must establish that court's personal
> jurisdiction over the parties; [and] (iii) litigants relying on the "sue-and-be-sued"
> provision can sue in federal district courts but not necessarily in all federal courts
> . . . .

20  Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines, 534 F.3d 779, 784-85

21  (D.C. Cir. 2008).[4]

---

[4]  Similarly, in removing both the Ewing and O'Connor cases on the basis of the Federal Home Loan Banks'
charter, FHLB Des Moines cited Pirelli and agreed that the "competent jurisdiction" language in the Federal
Home Loan Banks' charter statute does not render Red Cross inapplicable.  See Ewing (Br. in Supp. of
Resistance to Mot. to Remand, Docket No. 7, at 6) (see Concannon Decl. at Ex. B); O'Connor (FHLB Des
Moines's Notice of Removal, Docket No. 1, at ¶ 2 (UBS Securities' Notice of Removal, Ex. C)) (see Concannon
Decl. at Ex. A).

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 4
CASE NO. 2:10-cv-00146-RSM

116589.0161/1832774.1

1    In Pirelli, the D.C. Circuit applied Red Cross to the "sue and be sued" provision in the

2   charter of the Federal National Mortgage Association ("Fannie Mae"), which is nearly

3   identical to the "sue and be sued" provision in the Federal Home Loan Banks' charter.  Both

4   provisions authorize their respective chartered entities to "sue and to be sued, and to complain

5   and to defend, in any court of competent jurisdiction, State or Federal . . . ."  (See Pl. Mot. at

6   10-11); 12 U.S.C. § 1723a(a).  The D.C. Circuit explained that, in Red Cross, the Supreme

7   Court held "that express reference to federal courts in a federally chartered entity's sue-and-

8   be-sued clause was necessary and sufficient to confer jurisdiction."  Pirelli, 534 F.3d at 784

9   (internal quotation marks omitted) (emphasis in original).  Applying the Red Cross rule, the

10  D.C. Circuit held "that there is federal jurisdiction because the Fannie Mae 'sue and be sued'

11  provision expressly refers to the federal courts in a manner similar to the Red Cross statute."  Id.

12    FHLB Seattle's attempt to discredit Pirelli is unpersuasive.  FHLB Seattle first

13  contends that this Court should ignore Pirelli because the D.C. Circuit raised the issue of

14  subject matter jurisdiction sua sponte.  (Pl. Mot. at 11.)  FHLB Seattle, however, ignores the

15  fact that the court must raise the question of subject matter jurisdiction sua sponte if the

16  parties do not.  See Red Cross, 505 U.S. at 255 ("the parties' failure to challenge jurisdiction

17  is irrelevant to the force of our holding on the issue") (citing FW/PBS, Inc. v. City of Dallas,

18  493 U.S. 215, 230-31 (1990)); Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir.

19  2004) (same); Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004) (same).  That

20  the court in Pirelli raised this question on its own does not make its determination of the issue

21  any less relevant, thoughtful, or accurate than if one of the parties had raised it.  See Fed. R.

22  Civ. P. 12(h)(3) (any court that determines it lacks subject matter jurisdiction must dismiss the

23  action).  FHLB Seattle next argues that this Court should disregard Pirelli because its finding

24  of jurisdiction was based on a fact unique to the Fannie Mae charter: the phrase "court of

25  competent jurisdiction" was not in Fannie Mae's original 1934 charter, but was subsequently

26  inserted.  (Pl. Mot. at 12-13.)  The timing of when such language was inserted, however, is

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 5
CASE NO. 2:10-cv-00146-RSM

116589.0161/1832774.1

irrelevant.  As <u>Pirelli</u> and <u>Red Cross</u> held, it is a charter's express reference to the federal courts that confers federal jurisdiction.  <u>See</u> <u>Red Cross</u>, 505 U.S. at 255; <u>Pirelli</u>, 534 F.3d at 784.  The Federal Home Loan Banks' charter does precisely this.[5]

Contrary to FHLB Seattle's assertion (Pl. Mot. at 10, 12 n.5), following the decision in <u>Pirelli</u>, several district courts have addressed, in a contested context, the question whether a federal charter containing both the "sue and be sued" and "competent jurisdiction" phrases confers subject matter jurisdiction.  For example, the Southern District of New York denied a remand motion in a similar case, citing <u>Red Cross</u> and <u>Pirelli</u>.  <u>See In re Fannie Mae 2008 Sec. Litig.</u>, No. 09 Civ. 1352 (PAC), 2009 WL 4067266, at *3 (S.D.N.Y. Nov. 24, 2009). There, the plaintiff sued Fannie Mae in state court, alleging violations of the Securities Act of 1933 in connection with a securities offering.  <u>See id.</u> at *1.  Defendants removed to federal court, and the court denied plaintiff's remand motion, holding that Fannie Mae's charter (like FHLB Seattle's charter) contains a "'sue and be sued' clause [that] specifically refers to federal courts, thereby conferring federal jurisdiction."  <u>Id.</u> at *3.  Analyzing the Fannie Mae charter under <u>Red Cross</u> and <u>Pirelli</u>, another district court denied a plaintiff's remand motion, "conclud[ing] that a congressional charter to 'sue and be sued' confers [subject matter] jurisdiction in this Court."  <u>Grun v. Countrywide Home Loans, Inc.</u>, No. Civ. A.SA-03-CA-0141-XR, 2004 WL 1509088, at *2 (W.D. Tex. July 1, 2004).  As the D.C. Circuit observed in <u>Pirelli</u>, the majority of district courts that have confronted this question of jurisdiction since <u>Red Cross</u> have determined that "sue or be sued" clauses referencing the federal courts confer federal subject matter jurisdiction.  <u>Pirelli</u>, 534 F.3d at 785 (<u>citing</u> <u>Grun</u>, 2004 WL 1509088, at *2; <u>Connelly v. Fed. Nat'l Mortgage Ass'n</u>, 251 F. Supp. 2d 1071, 1072-73 (D. Conn. 2003); <u>C.C. Port, Ltd. v. Davis-Penn Mortgage Co.</u>, 891 F. Supp. 371, 372 (S.D. Tex. 1994),

---

[5]  FHLB Seattle also argues that <u>Pirelli</u> was wrongly decided.  (Pl. Mot. at 13-14.)  Yet, <u>Pirelli</u> properly applied the Supreme Court's controlling decision in <u>Red Cross</u>.  <u>See</u> <u>Pirelli</u>, 534 F.3d at 784 (finding that Fannie Mae's charter conferred federal jurisdiction because "'<u>it specifically mentions the federal courts</u>.'") (quoting <u>Red Cross</u>, 505 U.S. at 255)).

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 6
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

aff'd, 61 F.3d 288 (5th Cir. 1995); Peoples Mortgage Co. v. Fed. Nat'l Mortgage Ass'n, 856 F. Supp. 910, 917 (E.D. Pa. 1994)).

In O'Connor, FHLB Seattle's sister bank FHLB Des Moines itself argued, based on Red Cross and Pirelli, that the Federal Home Loan Banks' charter confers removal jurisdiction:

> [FHLB Des Moines's] corporate charter statute provides that it has the power "to sue and be sued, to complain and to defend, in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1432(a). This language confers original subject matter jurisdiction in federal courts. See, e.g., American Nat'l Red Cross v. S.G., 505 U.S. 247, 255 (1992); Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines, 534 F.3d 779, 785 (D.C. Cir. 2008). Thus, the Court has original subject matter jurisdiction over this matter as long as FHLB is a party to it and for this reason should be removed to this Court.

O'Connor (FHLB Des Moines's Notice of Removal, Docket No. 1, at ¶ 2 (UBS Securities' Notice of Removal, Ex. C)) (see Concannon Decl. at Ex. A). When sued a second time in state court in Ewing, FHLB Des Moines again removed that case to federal court on the same basis. See FHLB Des Moines's Amended Notice of Removal, Docket No. 6, at ¶¶ 13-15 (UBS Securities' Notice of Removal, Ex. D) (see Concannon Decl. at Ex. C). The move was challenged, and the Ewing court expressly held that federal jurisdiction was proper. See Ewing, 645 F. Supp. 2d at 709; Ewing (Order Denying Mot. to Remand, Docket No. 9, at 2) (see Concannon Decl. at Ex. D). The Federal Home Loan Banks should not be permitted to remove cases on the basis of their federal charter when doing so suits them, and then object when cases they bring are removed on the same ground. In any event, the position that FHLB Seattle's sister bank took in O'Connor and Ewing—and that the Ewing court accepted—was entirely correct: the Federal Home Loan Banks' charter confers federal jurisdiction.

Because FHLB Seattle has no colorable response to Pirelli or the other cases addressing federal jurisdiction based on a federal charter's express language (including those involving its sister bank), this Court should disregard FHLB Seattle's specious arguments and deny its remand motion.

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 7
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

1

**B.**     *Doe v. Mann* **Is Inapposite.**

2

FHLB Seattle cites Doe v. Mann, 415 F.3d 1038, 1044-45 (9th Cir. 2005), because the

3

federal statute in that case contained the words "court of competent jurisdiction," and the

4

court found that such language was insufficient to confer federal jurisdiction.  But Doe is not

5

on point because the statute at issue lacked the language on which the Supreme Court based

6

its holding in Red Cross.

7

Doe involved a mother's challenge to California's jurisdiction to terminate her

8

parental rights under the Indian Child Welfare Act ("ICWA"), 25 U.S.C. § 1914.  415 F.3d at

9

1039-41.  There are two critical differences between the ICWA and the charter statutes at

10

issue here (and in Pirelli and Red Cross).  First, the ICWA does not contain a "sue or be sued"

11

provision.  Compare 12 U.S.C. § 1432(a) with 25 U.S.C. § 1914.  Second, the ICWA does not

12

"specifically mention the federal courts."  Red Cross, 505 U.S. at 255.  The specific mention

13

of the power to sue and be sued in the federal courts is what the Supreme Court held

14

dispositive of federal jurisdiction in Red Cross.  Id.; accord Pirelli, 534 F.3d at 784.  Because

15

this language is missing from the ICWA, Doe has no bearing here.

16

Moreover, contrary to FHLB Seattle's argument, the Ninth Circuit did not hold in Doe

17

that the phrase "in a court of competent jurisdiction" is "dispositive" of jurisdiction.  (Pl. Mot.

18

at 10.)  Rather, the Ninth Circuit merely held that the ICWA's "reference to 'any court of

19

competent jurisdiction' alone does not create subject-matter jurisdiction in the federal district

20

court."  415 F.3d at 1045 (emphasis added).  What creates federal jurisdiction is the language

21

that is found in the Federal Home Loan Banks' charter and is absent from the statute in Doe—

22

an express grant of congressional authority to sue and be sued in the federal courts.  See Red

23

Cross, 505 U.S. at 255; Pirelli, 534 F.3d at 784; Ewing (Order Denying Mot. to Remand,

24

Docket No. 9, at 2) (see Concannon Decl. at Ex. D); O'Connor, (FHLB Des Moines's Notice

25

of Removal, Docket No. 1, at ¶ 2 (UBS Securities' Notice of Removal, Ex. C)) (see

26

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 8
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

Concannon Decl. at Ex. A).[6]  As FHLB Seattle's charter contains this language, this Court should retain jurisdiction.

## II.    REMOVAL WAS PROPER BECAUSE FHLB SEATTLE IS AN AGENCY OF THE UNITED STATES.

### A.    The Ninth Circuit Has Held That Federal Home Loan Banks Are "Agencies" Of The Federal Government.

This Court also has jurisdiction over the Actions because FHLB Seattle is an agency of the United States within the meaning of 28 U.S.C. § 1345.  Section 1345 provides that "the district courts shall have original jurisdiction of all civil actions . . . commenced by . . . any agency or officer [of the United States] expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345.  The Ninth Circuit has held that the Federal Home Loan Banks are agencies of the United States, see Fahey, 200 F.2d at 446-47, 454, 458, and FHLB Seattle and the other Federal Home Loan Banks are expressly authorized to sue by their chartering statute, see 12 U.S.C. § 1432(a).

FHLB Seattle nevertheless argues that Fahey is not controlling because it supposedly did not concern whether the Federal Home Loan Banks are federal "agencies," and, in any event, any statements to the effect that the Banks are agencies are *dicta*.  (Pl. Mot. at 15.) FHLB Seattle is wrong.  Fahey concerned the proposed merger of the Federal Home Loan Bank of Los Angeles ("FHLB Los Angeles") into Federal Home Loan Bank of San Francisco ("FHLB San Francisco").  See Fahey, 200 F.2d at 425.  The central question on appeal was whether FHLB Los Angeles and its member banks had a cognizable property interest in the entity's continued corporate existence.  See id. at 439, 446.  To answer that question, the Ninth Circuit considered whether the Federal Home Loan Banks are essentially private

---

[6]  Likewise, because they misapply the Supreme Court's holding in Red Cross, the two district court opinions cited by FHLB Seattle, Knuckles v. RBMG, Inc., 481 F. Supp. 2d 559, 563 (S.D. W. Va. 2007), and Federal. National Mortgage Association v. Sealed, 457 F. Supp. 2d 41, 44-46 (D.D.C. 2006) (Pl. Mot. at 10), should be disregarded. See Pirelli, 534 F.3d at 785 ("[W]e disagree with the Knuckles and Sealed district court opinions.").

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 9
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

banking institutions with private property interests, as FHLB Los Angeles argued, or are instead public agencies of the United States.  See id. at 439-47.  After extensive analysis of the Federal Home Loan Bank Act, the Ninth Circuit held that all Federal Home Loan Banks are agencies of the United States.  Id. at 446-47 ("We hold that all Federal Home Loan Banks within the System are, and operate as, public banking agencies and instrumentalities of the federal government . . . ." (emphasis added)).  The Ninth Circuit repeated its holding multiple times.  See, e.g., id. at 454 ("We have heretofore held that Home Loan Banks . . . are public banking agencies of the United States . . . ."); id. ("Home Loan Banks . . . are government banking agencies"); id. at 458 ("[W]e have held [FHLB San Francisco] to be an agency of the United States . . . .").  This holding is dispositive here.[7]  Indeed, in reliance on Fahey, the court in Federal Home Loan Bank of San Francisco v. Long Beach Federal Savings & Loan Association Title Serv. Co., 122 F. Supp. 401, 443, 462 (S.D. Cal. 1954) ("Long Beach"), rejected a motion by FHLB San Francisco to remand the case to state court.  It held that FHLB San Francisco, like FHLB Seattle, "comes within the requirements for original jurisdiction of Section 1345 . . . as an 'agency of the United States' which is 'expressly authorized to sue by Act of Congress.'"  Id. at 462.

**B.**   ***Hoag* Is Inapposite.**

Citing In re Hoag Ranches, 846 F.2d 1225 (9th Cir. 1988), FHLB Seattle argues that Defendants' reliance on Fahey is misplaced.  (Pl. Mot. at 15-17.)  FHLB Seattle further argues that Hoag "addressed the precise question before this Court, i.e., the meaning of the term 'agency' in Section 1345." (Pl. Mot. at 16.)  FHLB Seattle is wrong on both counts.

---

[7]   Despite the Ninth Circuit's unequivocal holding in Fahey, FHLB Seattle nonetheless argues that Fahey concerned only whether a Federal Home Loan Bank is immune from suit.  (Pl. Mot. at 15.)  This is incorrect.  Although the Ninth Circuit did consider the question of sovereign immunity, that issue was separate from the question whether a Federal Home Loan Bank is a federal governmental "agency," which was the principal issue on appeal.  See 200 F.2d at 435-36, 454.

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 10
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

First, Hoag does not even mention—much less overrule—Fahey.  Moreover, no court within the Ninth Circuit has questioned the continued vitality of the Ninth Circuit's holding in Fahey that the Federal Home Loan Banks are agencies of the federal government.[8]  To the contrary, after Fahey, at least two district courts within the Ninth Circuit have concluded that the Federal Home Loan Banks are federal governmental agencies.  See Fidelity Fin. Corp. v. Fed. Home Loan Bank of S.F., 589 F. Supp. 885, 894-95 (N.D. Cal. 1983) (citing Fahey for the proposition that FHLB San Francisco is a federal "agency" subject to the federal Administrative Procedure Act); Long Beach, 122 F. Supp. at 414, 462 (holding that the Federal Home Loan Banks are federal "agencies" subject to federal jurisdiction under Section 1345).

Second, Hoag does not address the federal agency status of the Federal Home Loan Banks, or even the meaning of the term "agency" for purposes of removal jurisdiction under 28 U.S.C. § 1345.  Rather, Hoag addresses only the limited procedural question whether an entirely different entity—a Production Credit Association—is entitled to a sixty-day appeal period under Federal Rule of Appellate Procedure 4(a)(1).  See Hoag, 846 F.2d at 1226.  Further, the policy interests underlying the Ninth Circuit's interpretation of the term "agency" in Rule 4(a)(1) in Hoag are completely different from the policy interests driving both the Fahey court's interpretation of the term in Section 1345 and the question before the Court here.  Compare Hoag, 846 F.2d at 1229 (observing that the purpose of Rule 4(a)(1) is to "provide sufficient time for routing the case through government [attorneys]") with Island Airlines, Inc. v. Civil Aeronautics Bd., 352 F.2d 735, 744 (9th Cir. 1965) ("The United States may lawfully maintain suits in its own courts to prevent interference with the means it adopts to exercise its power of government and to carry into effect its policies.") (internal citations

---

[8]  FHLB Seattle's citation to Rheams v. Bankston, Wright & Greenhill, 756 F. Supp. 1004 (W.D. Tex. 1991) (Pl. Mot. at 17), is unpersuasive because Rheams addressed the entirely separate question whether a bank was a federal agency for purposes of the Federal Tort Claims Act, and on that basis found Fahey inapplicable.  See id. at 1007 (noting that Fahey "did not involve the question of whether an entity is a federal agency for purposes of the Federal Tort Claims Act").

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 11
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

and quotations marks omitted).  In fact, in the two decades since <u>Hoag</u> was decided, no court

ever has applied <u>Hoag</u> outside the context of Rule 4(a)(1).  The general observation in <u>Hoag</u>

that "[m]any financial institutions are federally chartered and regulated and are considered

federal instrumentalities, without attaining the status of government agencies" (Pl. Mot. at 16

(quoting <u>Hoag</u>, 846 F.2d at 1227)) thus in no way casts doubt on the Ninth Circuit's carefully

reasoned conclusion in <u>Fahey</u> that the particular federal entities at issue in this case—the

Federal Home Loan Banks—"are public banking agencies of the United States."  <u>Fahey</u>, 200

F.2d at 454.  That conclusion rests on the Ninth Circuit's careful examination of the Federal

Home Loan Bank Act in <u>Fahey</u>, and nothing in <u>Hoag</u> calls that conclusion into question.[9]

### C.    **FHLB Seattle Is Also A Federal "Agency" Under *Hoag*.**

Even if the Ninth Circuit had not addressed and settled the federal agency status of the

Federal Home Loan Banks in <u>Fahey</u>, applying the factors identified in <u>Hoag</u> would still result

in the same conclusion: FHLB Seattle is an "agency" of the United States and federal

jurisdiction exists under 28 U.S.C. § 1345.  <u>Hoag</u> outlines six factors that can help determine

whether a federally chartered corporation is an "agency":

> (1) the extent to which the alleged agency performs a governmental function;
> (2) the scope of government involvement in the organization's management;
> (3) whether its operations are financed by the government; (4) whether persons
> other than the government have a proprietary interest in the alleged agency and
> whether the government's interest is merely custodial or incidental; (5) whether
> the organization is referred to as an agency in other statutes; and (6) whether
> the organization is treated as an arm of the government for other purposes,
> such as amenability to suit under the Federal Tort Claims Act.

846 F.2d at 1227-28.  These factors strongly support federal agency status for FHLB Seattle.

---

[9]  FHLB Seattle cites <u>Scott v. Federal Reserve Bank of Kansas City</u>, 406 F.2d 532, 536-38 (8th Cir. 2005), and <u>Data Processing Services Organization, Inc. v. Federal Home Loan Bank Board</u>, 568 F.2d 478, 480 (6th Cir. 1977), to support its argument that it is not an agency for purposes of removal under Section 1345.  (Pl. Mot. at 15-16.)  FHLB Seattle's reliance on those cases, however, is misplaced for the same reasons that its reliance on <u>Hoag</u> is misplaced: those cases did not address, much less dispute, <u>Fahey</u>'s holding that the Federal Home Loan Banks are agencies of the United States.  Nor did they address the meaning of the term "agency" for purposes of removal jurisdiction under Section 1345.

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 12
CASE NO. 2:10-cv-00146-RSM

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1    **1.     *The Extent To Which The Alleged Agency Performs A Governmental***

2    ***Function.***  As the Ninth Circuit recognized in <u>Fahey</u>, the Federal Home Loan Banks'

3    "functions are wholly governmental."  200 F.2d at 446.  Congress created the Federal Home

4    Loan Bank System "to alleviate the pressing need of home owners for low-cost, long-term,

5    installment mortgage money and to decrease costs of mortgage money with a resulting benefit

6    to home ownership in the form of lower costs and more liberal loans."  <u>Laurens Fed. Sav. &</u>

7    <u>Loan Ass'n v. S.C. Tax Comm'n</u>, 365 U.S. 517, 522 (1961) (internal quotation marks

8    omitted).  To achieve that critical public purpose, "funds handled by these banks are used <u>only</u>

9    <u>in the performance of public and governmental functions</u>, hence they are properly to be

10   regarded as possessing the nature of 'public funds.'"  <u>Fahey</u>, 200 F.2d at 445 (emphasis

11   added).  In addition, each Federal Home Loan Bank is statutorily required or authorized to:

12   (1) commit significant portions of its earnings toward the achievement of important public

13   interests related to the housing and home finance markets, 12 U.S.C. § 1430(j)(1) & (5)(C);

14   (2) contribute up to 20% of its remaining earnings to fund the federal Resolution Funding

15   Corporation, which Congress created in 1989 to fund the bailout of failed savings and loan

16   institutions, 12 U.S.C. § 1441b(f)(2)(C)(i), (iv); (3) help establish a program to provide

17   funding for members to undertake community-oriented mortgage lending, 12 U.S.C.

18   § 1430(i)(1); and (4) use nearly all remaining earnings to (a) make secured advances to its

19   member banks and to community financial institutions; (b) accumulate reserves at least equal

20   to the amount of member deposits in U.S. obligation instruments, banks, and trust companies;

21   and (c) invest in the stock and pay the operating expenses of the Federal Housing Finance

22   Agency ("FHFA"), the federal agency which oversees the Federal Home Loan Bank System,

23   12 U.S.C. §§ 1430(a), 1431(g), 1436(a), 1441(d).  These extensive statutorily mandated

24   governmental functions strongly support the conclusion that FHLB Seattle is a federal

25   "agency."  FHLB Seattle conspicuously does not address this factor in its motion to remand.

26

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 13
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

2.      *The Scope Of Government Involvement In The Organization's Management.*

Although FHLB Seattle asserts that its day-to-day operations are managed privately by its board (Pl. Mot. at 16-17), FHLB Seattle is subject to extensive supervision and regulation by the federal government.  For example, FHLB Seattle's federal charter authorizes the FHFA to determine the eligibility criteria for members of FHLB Seattle's board of directors, and to use FHLB Seattle's employees to carry out federal functions.  See 12 U.S.C. § 1427 (vesting management of each Federal Home Loan Bank in its board of directors, but vesting substantial, ultimate authority for the size, composition, and term limits of each Federal Home Loan Bank's board in the Director of the FHFA); 12 C.F.R. § 995.5 (granting the FHFA the authority to use the employees, officers or agents of any Federal Home Loan Bank as necessary to carry out its functions).  In addition, FHLB Seattle's federal charter:  (1) subjects FHLB Seattle to audit by the federal Government Accountability Office, even where the federal government does not own any of FHLB Seattle's stock, 12 U.S.C. §§ 1431(j); 31 U.S.C. §§ 9107(c)(2) & 9108(d)(1); 12 C.F.R. §§ 989.1-.4; and (2) authorizes the U.S. Secretary of the Treasury to designate any Federal Home Loan Bank as a depositary of public money and employ it as a financial agent of the United States, 12 U.S.C. § 1434.  This extensive federal managerial oversight, along with other considerations, led the Ninth Circuit in Fahey to conclude that the Federal Home Loan Banks are "purely legislative creatures" over which Congress intended "to retain the broadest kind of control.  200 F.2d at 443.

3.      *Whether Its Operations Are Financed By The Government.*  Although FHLB Seattle argues that it derives its capital entirely from its member banks' stock purchases and receives no federal tax dollars directly (Pl. Mot. at 17), it ignores two significant ways in which the federal government finances FHLB Seattle's operations.   First, the federal government mandates by regulation that banks that wish to join the Federal Home Loan Bank System purchase stock in the Federal Home Loan Bank in their district.  See 12 U.S.C.

1  § 1426(c)(1) (requiring "each member of the bank to maintain a minimum investment in the

2  stock of the bank").

3      **Second**, the federal government confers highly favorable tax treatment on the Federal

4  Home Loan Banks.  For example, under the Federal Home Loan Bank Act, FHLB Seattle, and

5  any securities it issues, are exempt not only from most federal taxation, but also from all state

6  or local taxation save for excises levied on real property.  See 12 U.S.C. § 1433.  FHLB

7  Seattle's ability to generate income virtually tax free constitutes a significant federal subsidy

8  of its activities, a subsidy that is tantamount to federal financing.  See Regan v. Taxation with

9  Representation of Wash., 461 U.S. 540, 544 (1983) ("Both tax exemptions and tax-

10  deductibility are a form of subsidy that is administered through the tax system.  A tax

11  exemption has much the same effect as a cash grant to the organization of the amount of tax it

12  would have to pay on its income.").

13      **4.**      ***Whether Persons Other Than The Government Have A Proprietary Interest***

14  ***In The Alleged Agency And Whether The Government's Interest Is Merely Custodial Or***

15  ***Incidental.***  FHLB Seattle argues that the federal government does not maintain a substantial

16  interest in it because: (1) the federal government does not currently own any shares of FHLB

17  Seattle's stock, and (2) FHLB Seattle's stock is held entirely by its member financial

18  institutions.  (Pl. Mot. at 16-17.)  Yet, courts have held that the federal government's status as

19  a stockholder in a corporation does not alone determine whether the government has a

20  proprietary interest in that corporation for purposes of Title 28 of the U.S. Code.  See, e.g.,

21  Gov't Nat'l Mortgage Ass'n v. Terry, 608 F.2d 614, 617-21 (5th Cir. 1979); Acron Invs., Inc.

22  v. Fed. Sav. & Loan Ins. Corp., 363 F.2d 236, 238-40 (9th Cir. 1966).  Rather, the heart of the

23  inquiry is whether "the control which Congress and the United States exercise over the

24  Corporation is clearly more than custodial or incidental."  Acron, 363 F.2d at 240 (quotation

25  marks omitted).  Here, as discussed above, the federal government exercises far-reaching

26  control over FHLB Seattle's operations.  See supra, at pp. 14-17.

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 15
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1      Moreover, although FHLB Seattle's member banks are "nominally stockholders," the

2   Ninth Circuit has held that "neither the bank nor its association members . . . acquire under

3   the provisions of the [Federal Home Loan] Bank Act, any vested interest in the continued

4   existence of said bank or any legally protected private rights which would enable them to

5   invoke the due process clause." <u>Fahey</u>, 200 F.2d at 446.  Accordingly, FHLB Seattle's

6   members have no cognizable property interest in the entity, and Congress has unrestricted

7   authority to reorganize or eliminate the Federal Home Loan Bank System or particular

8   Federal Home Loan Banks at will, without interference from the Federal Home Loan Banks

9   or their member organizations.  <u>See id.</u> at 444-45; <u>see also</u> 12 U.S.C. §§ 1445-46, 1449.  In

10   essence, Congress has retained for itself the most substantial of proprietary interests in FHLB

11   Seattle: "a 'life and death' type of control[,] which Congress has seen fit to maintain without

12   any material changes since the advent of the [Federal Home Loan Bank] Act in 1932."

13   <u>Fahey</u>, 200 F.2d at 444.  This fourth factor therefore strongly favors the existence of

14   jurisdiction under 28 U.S.C. § 1345.

15      **5.**     ***Whether The Organization Is Referred To As An Agency In Other Statutes.***

16   As the Fifth Circuit held in <u>Terry</u>, FHLB Seattle's assertion that no other federal statute

17   identifies it as an "agency" should give this Court "little pause" because "Congress need not

18   label an entity 'an agency' in order to entitle that organization to invoke the jurisdiction

19   granted by section 1345."  608 F.2d at 616.  In <u>Terry</u>, the Fifth Circuit held that the

20   Government National Mortgage Association is an "agency" for purposes of 28 U.S.C. § 1345,

21   even though that entity's enabling legislation did not refer to it as such.  <u>Id.</u>  Moreover, the

22   Federal Home Loan Banks <u>are</u> explicitly referred to as "agencies" of the federal government

23   in several federal regulations.  For example, in discussing financial obligations eligible for

24   collateral advances under the Federal Reserve System, 12 C.F.R. § 201.108(b) states that

25   obligations, or full guarantees of obligations, of "any agency of the United States are . . .

26   eligible for purchase by Reserve Banks."  The regulation then identifies "Federal Home Loan

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 16
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Bank notes and bonds" as eligible for purchase as obligations or guarantees of an "agency of the United States."  12 C.F.R. § 201.108(b)(2).  The regulation concludes that "[n]othing less than a full guarantee of principal and interest by a <u>Federal agency</u> will make an obligation eligible [for purchase by Reserve Banks]."  12 C.F.R. § 201.108(c) (emphasis added).  12 C.F.R. § 208, App. A, at III.C.2.b similarly designates the Federal Home Loan Banks as "agencies" of the federal government.[10]

6.      ***Whether The Organization Is Treated As An Arm Of The Government For Other Purposes.***  The Federal Home Loan Banks have been treated as an "arm of the government" for purposes of amenability to suit under the Administrative Procedure Act ("APA"), and also as an "agency" for purposes of the criminal code.  <u>See</u> <u>United States v. Bruce</u>, 909 F. Supp. 1034, 1038 (N.D. Ohio 1995) (noting that defendant had pled guilty to "six counts of making false statements to a federal government <u>agency</u> (specifically, the Federal Home Loan Bank of Cincinnati (FHLBOC) and the Office of Thrift Supervision (OTS)) in violation of 18 U.S.C. § 1001") (emphasis added); <u>Fidelity</u>, 589 F. Supp. at 894 (holding that FHLB San Francisco "is an 'agency' for the purpose of invoking this Court's review under the APA," and rejecting as "hypertechnical" San Francisco FHLB's proposed distinction between a "government controlled corporation" and an "agency").  FHLB Seattle points to a single case from the Western District of Texas as holding that the Federal Home Loan Banks are not "agencies" for purposes of the Federal Tort Claims Act (Pl. Mot. at 17), but the status of an entity under the Federal Tort Claims Act is not dispositive.  In <u>Hoag</u>, 846 F. 2d at 1228, the Ninth Circuit noted that under this final "arm of the government" factor, courts must examine whether the entity at issue "is treated as an arm of the government for other purposes," and cited the Federal Tort Claims Act as but one example of such "other purposes."  <u>See, e.g.</u>, <u>Diaz v. Trust Territory of Pac. Islands</u>, 876 F.2d 1401, 1405 (9th Cir.

---

[10]  Conversely, no statute refers to a Federal Home Loan Bank as an "instrumentality," as FHLB Seattle argues it should be considered.  (Pl. Mot. at 14-17.)

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 17
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1   1989) (considering Internal Revenue Code and APA provisions in determining, under <u>Hoag</u>,

2   whether the Trust Territory of the Pacific Islands is a government agency).

3     Additionally, Congress's decision to exempt FHLB Seattle from nearly all state and

4   local taxation, 12 U.S.C. § 1433, indicates that the Federal Home Loan Banks were intended

5   to be not merely private corporations, but rather an arm of the federal government itself.

6     In sum, even if <u>Hoag</u> were applicable here—and it is not—the six <u>Hoag</u> factors

7   compel the determination that FHLB Seattle is subject to jurisdiction as a federal "agency"

8   and that removal was appropriate on this ground.

9   **III.**   <u>**REMOVAL WAS PROPER ON THE BASIS OF DIVERSITY JURISDICTION.**</u>

10    The Court also has jurisdiction over all eleven Actions[11] under 28 U.S.C. § 1332 on

11  the basis of diversity of citizenship.[12]  FHLB Seattle does not dispute that the amount in

12  controversy exceeds $75,000, exclusive of interest and costs, or that no defendant is a citizen

13  of Washington State.  Moreover, although federally chartered entities generally are not

14  considered citizens of any state for diversity jurisdiction purposes, FHLB Seattle

15  acknowledges (Pl. Mot. at 18-19) that a federally chartered corporation is deemed a citizen of

16  a particular state where: (1) Congress incorporates it as a citizen of a particular state, or (2) its

17  activities are sufficiently localized in a given state.  <u>See</u> <u>Doe v. Corp. of the Ass'n of the</u>

18  <u>Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints</u>, No. 08-CV-371-SU,

19  2009 WL 2132722, at *7 (D. Or. July 10, 2009).  FHLB Seattle is a citizen of Washington

20  State under both standards, and this Court therefore has diversity jurisdiction over these actions.

21

22

---

23  [11]   Contrary to FHLB Seattle's assertion (Pl. Mot. at 17 n.6), the Goldman Sachs defendants expressly adopted diversity jurisdiction as a basis for removal.  <u>See</u> Goldman, Sachs & Co. Notice of Removal, at 2 n.2.

24  [12]   Under Section 1332, this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of
25  different States."  28 U.S.C. § 1332(a)(1).  "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C.
26  § 1332(c)(1).

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 18
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

1

**A.**   <u>FHLB Seattle Is A "Body Corporate" And Citizen Of Washington.</u>

2    FHLB Seattle is a citizen of Washington State because the Federal Home Loan Bank

3   Act and FHLB Seattle's certificate of organization incorporated FHLB Seattle as a "body

4   corporate" of this state.   12 U.S.C. § 1432(a); FHLB Seattle's Certificate of Organization

5   (UBS Securities' Notice of Removal, Ex. E, at ¶¶ 2, 3) (<u>see</u> Concannon Decl. at Ex. E.)  The

6   Federal Home Loan Bank Act expressly requires that each Federal Home Loan Bank file with

7   the FHFA "an organization certificate."  12 U.S.C. § 1432(a).  Here, FHLB Seattle filed such

8   a certificate, and it specified that "[t]he location of the principal office of this Bank will be in

9   the . . . State of Washington," and that "[t]his Bank shall be established in the . . . State of

10  Washington."  FHLB Seattle's Certificate of Organization (UBS Securities' Notice of

11  Removal, Ex. E, at ¶¶ 2, 3) (<u>see</u> Concannon Decl. at Ex. E.)  Further, the Federal Home Loan

12  Bank Act provides that "[u]pon the making and filing of such organization certificate with the

13  [FHFA], such bank shall become, as of the date of the execution of its organization certificate,

14  a body corporate."  12 U.S.C. § 1432(a).  Thus, upon filing its organization certificate, FHLB

15  Seattle was made a "body corporate" of the State of Washington and is therefore a citizen of

16  the State of Washington for purposes of diversity jurisdiction.

17    Nevertheless, FHLB Seattle asserts that the "body corporate" exception does not apply

18  here because "the <u>statute itself</u> must designate the entity as a citizen of a particular state for

19  this exception to apply."  (Pl. Mot. 18 & n.7.)  None of the cases that FHLB Seattle cites,

20  however, holds that the exception applies only where the chartering statute itself designates

21  citizenship.

22    To the contrary, in <u>Iceland Seafood Corporation v. National Consumer Cooperative</u>

23  <u>Bank</u>, 285 F. Supp. 2d 719 (E.D. Va. 2003) (which FHLB Seattle cites at Pl. Mot. at 18 &

24  n.7), the court explained that "a federally chartered corporation, even with widespread actual

25  and authorized activities, may have state citizenship for diversity purposes" where "the

26  chartering statutes [1] expressly provide for citizenship in a particular state, <u>*or*</u> [2] incorporate

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 19
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1   the entity as a 'body corporate' of a particular state." Id. at 723 (emphasis added) (citations

2   omitted).[13]   Although the "body corporate" exception was not met in Iceland because the

3   cooperative bank's charter statute neither provided for citizenship in a particular state nor

4   made the bank a "body corporate" of a particular state, id. at 726, that is not the case here.

5   Upon FHLB Seattle's filing of an organization certificate establishing FHLB Seattle in the

6   State of Washington, the chartering statute incorporated FHLB Seattle as a "body corporate"

7   of this state.  See 12 U.S.C. § 1432(a).

8         Moreover, FHLB Seattle's argument that the chartering statute itself must explicitly

9   specify the state of citizenship, and that a federal agency's statutorily mandated organization

10   certificate is irrelevant for citizenship, nonsensically elevates form over substance.  Here,

11   together with FHLB Seattle's organization certificate, the chartering statute incorporates

12   FHLB Seattle as a "body corporate" of Washington State with its headquarters there as well.

13   Further, Congress, through its designee, the FHFA, effectively directed that FHLB Seattle

14   incorporate in Washington State.  Congress has delegated to FHFA authority to divide the

15   United States into up to twelve "Federal Home Loan Bank districts" and to "establish, in each

16   district, a Federal Home Loan Bank at such city as may be designated by the [FHFA, whose]

17   title shall include the name of the city at which it is established."  12 U.S.C. § 1423; see 12

18   C.F.R. § 905.2(c) (authorizing FHFA to administer Federal Home Loan Bank Act).  Pursuant

19   to that scheme, in 1964, the FHFA's predecessor, the Federal Home Loan Bank Board,

20   established a Federal Home Loan Bank in Spokane, Washington.  29 Fed. Reg. 332 (Jan. 13,

21   1964).  Citing the Federal Home Loan Bank Act, the Federal Home Loan Bank Board

22   instructed the Bank's directors to file with it an organization certificate establishing the Bank

23

24   ---
     [13]   The other cases that FHLB Seattle cites are to the same effect.  See Burton v. U.S. Olympic Comm., 574 F.
     Supp 517, 519 (C.D. Cal. 1983); Little League Baseball, Inc. v. Welsh Publ'g Group, Inc., 874 F. Supp. 648, 651
25   (M.D. Pa. 1995).  Monsanto Co. v. Tennessee Valley Authority, 448 F. Supp. 648, 650 (N.D. Ala. 1978) (cited
     in Pl. Mot. at 18 n.7), is inapposite because the statute at issue there, in contrast to Section 1432(a), "seem[ed]
26   carefully to avoid making TVA [Tennessee Valley Authority] a citizen of Alabama."

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 20
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

in Washington State and making that its principal place of business.  Id. at 332-33.  The Bank complied with that directive and filed a Certificate of Organization "establish[ing the Bank] in the . . . State of Washington."  FHLB Seattle's Certificate of Organization (UBS Securities' Notice of Removal, Ex. E, at ¶ 3) (see Concannon Decl. at Ex. E.)  In doing so, the Federal Home Loan Bank of Spokane—which later became FHLB Seattle—became a "body corporate" and was established in Washington State.  Congress ratified the FHFA's exercise of congressional authority by amending the Federal Home Loan Bank Act to recognize explicitly the Washington-based Federal Home Loan Bank.  12 U.S.C. § 1441(d)(4) & (7)(B); Fed. Sav. & Loan Ins. Corp. Recapitalization Act of 1987, Pub. L. No. 100-86, § 302, 101 Stat. 552 (1987).  See 12 C.F.R. § 905 App. A to Subpart A (expressly recognizing FHLB Seattle as the Federal Home Loan Bank for District 12 and locating its principal place of business in Seattle).[14]

Furthermore, the position advanced by FHLB Seattle (that it should be treated as a citizen of no particular state) would be inconsistent with the Supreme Court's decision in Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303 (2006).  In holding that a national bank is a citizen solely of the state identified as its main office in its articles of association for diversity jurisdiction purposes under 28 U.S.C. § 1348, the Court in Wachovia Bank recognized that if "a national bank is additionally a citizen of every State in which it has established a branch, the access of a federally chartered bank to a federal forum would be drastically curtailed in comparison to the access afforded state banks and other state-incorporate entities."  Wachovia

---

[14]  The fact that the Federal Home Loan Bank Act provides for the creation of up to twelve Federal Home Loan Banks strongly supports the conclusion that the Federal Home Loan Bank Act and FHLB Seattle's Certificate of Organization must be read in conjunction with one another.  Typically, chartering statutes incorporate only a single federal entity.  See, e.g., 12 U.S.C. § 3001, et seq. (the National Consumer Cooperative Bank); 36 U.S.C. § 130501, et seq. (Little League Baseball); 36 U.S.C. § 220501, et seq. (the U.S. Olympic Committee).  In such instances, Congress can describe in the chartering statute the entity's various characteristics, including the location of its principal office and the state in which it is to be established.  In contrast, the Federal Home Loan Bank Act operates to charter a number of different entities with varying characteristics.  Congress has therefore provided that those characteristics will be determined by its designee (FHFA) and included in the certificate of organization—which must be read in conjunction with the Federal Home Loan Bank Act.

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 21
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1   Bank, 546 U.S. at 307.  The same policy argument applies here.  It would be anomalous to

2   conclude that FHLB Seattle is a citizen of no state and thus not able affirmatively to invoke,

3   and otherwise not subject to, federal diversity jurisdiction.   As one district court aptly

4   observed, "[i]t would be odd indeed if federally created entities were denied access to federal

5   court."  VeriCorr Packaging, LLC v. Osiris Innovations Group, LLC, 501 F. Supp. 2d 989,

6   992 (E.D. Mich. 2007).

7            **B.      FHLB Seattle's Activities Are Localized In The State Of Washington.**

8            FHLB Seattle also is a citizen of Washington State for diversity jurisdiction purposes

9   because its activities are localized within Washington State.   Even where a corporation

10  engages in out-of-state business activities, where its activities occur primarily in a given state

11  the corporation is a citizen of that state for diversity purposes.   See, e.g., Loyola Fed. Sav.

12  Bank v. Fickling, 58 F.3d 603, 606 (11th Cir. 1995) (the localized activities exception is not

13  limited to corporations that conduct all of their activities in one state); Provident Nat'l Bank v.

14  Cal. Fed. Sav. & Loan Ass'n, 624 F. Supp. 858, 861 (E.D. Pa. 1985), aff'd, 819 F.2d 434 (3d

15  Cir. 1987) (same).[15]

16           The localized activities exception requires an expansive inquiry into the corporation's

17  business activities.   Courts must examine a number of factors to determine whether a federal

18  corporation qualifies for the exception, including: (1) the principal place of business, (2) the

19  existence of branch offices outside of the state, (3) the amount of business transacted in

20  different states, and (4) any other evidence that the corporation is local or national in nature.

21  Loyola Fed., 58 F.3d at 606; Waldron Midway Enters., Inc. v. Coast Fed. Bank, No. CV-91-

22

---

23  [15]   FHLB Seattle cites Prize Energy Resources, L.P. v. Santa Fe Pacific Railroad. Co., No. CV 08-8090-PCT-
     JAT, 2009 WL 160359, at *2 (D. Ariz. Jan. 22, 2009), for the proposition that the "localized activities"
24  exception applies only if "virtually all" of a federally-chartered entity's activities occur in a particular state.  (Pl.
     Mot. at 18-19.)   Prize Energy says no such thing.   Rather, Prize Energy merely holds that the "localized
25  activities" exception is not triggered where the party seeking diversity jurisdiction fails to argue that the entity's
     activities occur "primarily in any one state" and also admits that the defendant does business in several states.
26  2009 WL 160359, at *3 n.1 (emphasis in original).

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 22
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1750 (RJD), 1992 WL 81724, at *1 (E.D.N.Y. Apr. 10, 1992).   No single factor is determinative.  These four factors strongly support federal jurisdiction here.

FHLB Seattle's activities are localized in Washington State because, among other reasons: (1) FHLB Seattle's principal place of business is located in Washington State (*e.g.*, FHLB Seattle's Certificate of Organization (UBS Securities' Notice of Removal, Ex. E, at ¶ 2) (see Concannon Decl. at Ex. E));[16] (2) FHLB Seattle has three offices, including a headquarters, in Washington State and no offices—branch or otherwise—outside the state (see Federal Home Loan Bank of Seattle (Form 10-K), at 45 (Mar. 22, 2010) (see Concannon Decl. at Ex. F)); (3) nearly twice as many of FHLB Seattle's 368 members are located in Washington State as in any other state (see FHLB Seattle's Member Directory (UBS Securities' Notice of Removal, Ex. F) (Concannon Decl. at Ex. G)); and (4) nearly twice as many of FHLB Seattle's directors represent Washington State as represent any other state (see FHLB Seattle's Board of Directors, available at    http://www.fhlbsea.com/OurCompany/Leadership/BOD/Default.aspx (last visited Mar. 16, 2010)).  Notably, FHLB Des Moines recently argued on similar bases that it principally conducts business in Iowa and is therefore a citizen of Iowa for diversity jurisdiction purposes.  O'Connor (FHLB Des Moines's Notice of Removal, Docket No. 1, at ¶ 4 (UBS Securities' Notice of Removal, Ex. C)) (see Concannon Decl. at Ex. A.)  That reasoning applies with equal force to FHLB Seattle.

FHLB Seattle's activities thus are even more localized than those of other federally chartered corporations over which courts have held that diversity jurisdiction exists.  For example, in Loyola Federal, the Eleventh Circuit held that the plaintiff was a citizen of Maryland for diversity purposes because (among other things):  (1) the plaintiff's principal

---

[16]   FHLB Seattle argues that its certificate of organization does not require that its principal office be in Washington.  (Pl. Mot. at 19 n.8.)  This does nothing to counter the fact that FHLB Seattle's activities are localized in Washington.  Moreover, nothing in the case law suggests that FHLB Seattle's ability to change the location of FHLB Seattle's principal office is relevant to the determination of whether FHLB Seattle's activities are localized in Washington State.

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 23
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

place of business was located in Maryland, (2) all but one of its thirty-one branch offices were located in Maryland, (3) two-thirds of its residential mortgages were located in Maryland, and (4) two-thirds of the loans that it serviced were secured with property located in Maryland.  58 F.3d at 606.  As the court explained, a corporation's activities may be sufficiently "localized" in a given state, despite some out-of-state business activities, because "[t]he activities do not have to be 100% localized in order to trigger this exception."  Id.  In Provident National Bank, the district court similarly held that the defendant's business activity was sufficiently localized in California for the defendant to be a citizen of California for diversity jurisdiction purposes where 71% of its branch offices and a substantial amount of its deposits and outstanding loans were located in California.  624 F. Supp. at 861.  Similarly, in Elwert v. Pacific First Federal Savings & Loan Association of Tacoma, Washington, the court held that the defendant was a citizen of Washington State for purposes of diversity jurisdiction where, in an exercise of congressional authority, the Home Owners Loan Bank Board issued a resolution establishing the defendant's home office in Washington State, but allowing the association to maintain branch offices in Portland and Eugene, Oregon.  138 F. Supp. 395, 399-402 (D. Or. 1956).  The court explained that Congress had "evinced the policy that a corporation localized in any particular state shall be regarded as a citizen of that state; and that therefore, where by its Federal Charter a corporation has its domicile fixed in any particular state, it may be regarded as a citizen of that state for the purpose of jurisdiction of Federal courts on the ground of diverse citizenship."  Id. at 401-02 (internal quotation marks omitted).[17]  Likewise, in Ponce De Leon Federal Savings Bank v. Ensign Bank, F.S.B., the district court held that a federal savings bank that had seven out of 17 branches, a real estate lending office, two senior officers, 14% of its loan originations, and a charter designating its

---

[17]  Accord Conjugal Soc'y v. Chi. Title Ins. Co., 497 F. Supp. 41, 46-47 (D.P.R. 1979) (because the defendant's charter provided for its home office to be located in Puerto Rico, the defendant was a citizen of Puerto Rico for diversity jurisdiction purposes), vacated on other grounds, First Fed. Sav. & Loan Ass'n of P.R. v. Ruiz De Jesus, 644 F.2d 910 (1st Cir. 1981).

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 24
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

"home office" all in Florida was nonetheless a New York citizen for diversity purposes, because New York still was its "nerve center" and site of its "corporate operations."[18]  Ponce De Leon Fed. Sav. Bank v. Ensign Bank, F.S.B., No. 86 CIV. 7583 (SWK), 1987 WL 14912, at *1-*2 (S.D.N.Y. July 23, 1987).  Washington State is likewise FHLB Seattle's "nerve center" and the principal site of its corporate operations.  FHLB Seattle is thus a citizen of Washington State for diversity jurisdiction purposes.  See Hertz Corp. v. Friend, No. 08-1107, 559 U.S. __, 130 S.Ct. 1181, 78 U.S.L.W. 4153 (Feb. 23, 2010) (unanimously holding that, for purposes of determining diversity jurisdiction, a corporation's principal place of business, or "nerve center," is found where its high-level officers direct, control, and coordinate the corporation's activities, typically its corporate headquarters).

## CONCLUSION

Removal of these eleven Actions was proper on three separate and independent grounds:[19] (1) the "sue and be sued" language of FHLB Seattle's charter expressly confers federal jurisdiction; (2) FHLB Seattle is an agency of the United States with congressional authority to sue; and (3) complete diversity jurisdiction exists because FHLB Seattle is a citizen of Washington State as a "body corporate" incorporated in this state and with its activities localized here.  These grounds are based on controlling authority from both the

---

[18]  Little League Baseball, Burton, Iceland, and Auriemma Consulting Group, Inc. v. Universal Savings Bank, 367 F. Supp. 2d 311 (E.D.N.Y. 2005) (cited in Pl. Mot. at 18-20), are inapposite because, in each case, the defendant's activities were conducted well beyond any particular locality.  See Little League Baseball, 874 F. Supp. at 654-55 (Little League Baseball sponsored over 7,000 leagues worldwide, only 350 of which were in Pennsylvania); Burton, 574 F. Supp. at 522 (USOC is authorized to do business and in fact does do business throughout the U.S.); Iceland, 285 F. Supp. 2d at 726 (NCB's loan making activities are national in scope as distinguished from "federal banks or loan associations bearing the name of a particular state or region, and all having a corresponding scope of activity"); Auriemma, 367 F. Supp. 2d at 314 (USB solicited business throughout the country and only two percent of its credit card customers were located within the State of Wisconsin).  In contrast, FHLB Seattle's activities are confined primarily to Washington State.

[19]  With regard to the Deutsche Bank and Barclays cases, there is a fourth independently sufficient ground for this Court's jurisdiction pursuant to 28 U.S.C. § 1334(b).  See supra, at n.2.

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 25
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

Ninth Circuit and the Supreme Court.  This Court thus should deny FHLB Seattle's omnibus motion to remand.

DATED:  April 8, 2010

Respectfully submitted,

LANE POWELL PC

By: s/John S. Devlin
    John S. Devlin III, WSBA #23988
    1420 Fifth Avenue, Suite 4100
    Seattle, WA  98101-2338
    Telephone: (206) 223-6280
    Fax:  (206) 223-7101
    E-mail:  DevlinJ@LanePowell.com

Of Counsel (pro hac vice applications forthcoming):

Brian E. Pastuszenski
Sarah Heaton Concannon
Joshua L. Stayn
Daniel P. Roeser
Goodwin Procter LLP
Exchange Place
53 State Street
Boston MA 02109
Telephone: (617) 570-1000
Facsimile:  (617) 523-1231

Attorneys for Defendants
CWALT, Inc., CWMBS, INC., and
Countrywide Financial Corporation

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE
*Per Email Authorization*

By: s/William H. Walsh
William H. Walsh, WSBA #21911
Kelly P. Corr, WSBA #555
William Harrison Walsh, WSBA #21911
1001 4th Avenue, Suite 3900
Seattle, WA 98154-1051
Telephone:  (206) 625-8600
Facsimile:  (206) 625-0900
Email:  kcorr@corrcronin.com;
wwalsh@corrcronin.com

Of Counsel (Admitted *pro hac vice*)

Howard Milton Privette
John S. Durrant
William F. Sullivan
Paul Hastings Janofsky & Walker
515 S. Flower Street, 25th Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705
Email:  howardprivette@paulhastings.com;
johndurrant@paulhastings.com;
williamsullivant@paulhastings.com

Attorneys for Defendants
UBS Securities LLC

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 26
CASE NO. 2:10-cv-00146-RSM

116589.0161/1832774.1

1

## CERTIFICATE OF SERVICE

2      Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under

3 the laws of the State of Washington, that on the 8th day of April, 2010, the document attached

4 hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF

5 system.  In accordance with their ECF registration agreement and the Court's rules, the Clerk

6 of the Court will send e-mail notification of such filing to the following person(s):

7 Kelly P Corr Kcorr@corrcronin.com, dpatterson@corrcronin.com, reception@corrcronin.com

8 Richard C Yarmuth yarmuth@yarmuth.com, kkennedy@yarmuth.com

9 William Harrison Walsh wwalsh@corrcronin.com, tmiller@corrcronin.com

10 Matthew A Carvalho mcarvalho@yarmuth.com, dheinrich@yarmuth.com,
                              smeyer@yarmuth.com

11

12 William F. Sullivan williamsullivan@paulhastings.com

13 John S. Durrant johndurrant@paulhastings.com

14 Howard Milton Privette howardprivette@paulhastings.com

15 David J. Grais dgrais@graisellsworth.com, jwalker@graisellsworth.com

16 Owen L. Cyrulnik ocyrulnik@graisellsworth.com, lwalczak@graisellsworth.com

17 Leanne M. Wilson lwilson@graisellsworth.com

18      Executed on 8th day of April, 2010, at Seattle, Washington.

19

20                                    s/ Leah S. Burrus
                                       _____
                                       Leah S. Burrus

21

22

23

24

25

26

DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 27
CASE NO. 2:10-cv-00146-RSM
116589.0161/1832774.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107